IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

PHOENIX LICENSING, L.L.C. AND
LPL LICENSING, L.L.C.     v.

ALLIANCE DATA SYSTEMS
CORPORATION, ET AL

No. 2:11-cv-286-MHC

JURY TRIAL DEMANDED

## JOINT CONFERENCE REPORT

Plaintiffs, Phoenix Licensing, LLC and LPL Licensing LLC, and Defendants Alliance,[1] CNO,[2] Credit One,[3] CUNA,[4] Farmers,[5] First National,[6] GE,[7] First Premier,[8] First Tennessee Bank NA ("First Tennessee"), Humana,[9] M&T,[10] Regions,[11] and TCF,[12] respectfully submit this Joint Conference Report as follows:

---

[1] Alliance Data Systems Corporation, ADS Alliance Data Systems, Inc., World Financial Capital Bank, World Financial Capital Credit Company, LLC, WFN Credit Company, LLC, and World Financial Network Bank successor by conversion to World Financial Network National are collectively referred to as "Alliance."

[2] CNO Financial Group Inc. and Colonial Penn Life Insurance Company are collectively referred to as "CNO."

[3] Credit One Bank N A, Credit One Financial, and Sherman Financial Group LLC are collectively referred to as "Credit One."

[4] CUNA Mutual Insurance Society, CUNA Mutual Insurance Agency Inc. and Cuna Mutual Life Insurance Company are collectively referred to as "CUNA."

[5] Defendants Farmers Group Inc., Farmers Insurance Company Inc., Farmers New World Life Insurance Company, 21st Century Insurance and Financial Service Inc., 21st Century Insurance Company, 21st Century Insurance Company of the Southwest, 21st Century National Insurance Co. and 21st Century North America Insurance Co. are collectively referred to as "Farmers."

[6] First National Bank of Omaha, First National Credit Card Center Inc.,  and First National of Nebraska Inc. are collectively referred to as "First National."

[7] GE Capital Financial Inc., GE Consumer Finance Inc., GE Money Bank FSB, General Electric Capital Corporation, General Electric Capital Services Inc., and General Electric Company are collectively referred to as "GE."

[8] First Premier Bank, Premier Bankcard LLC and United National Corporation are collectively referred to as "First Premier."

[9] Humana Inc., Humana Health Plan Inc., Humana Insurance Company, and Humana Dental Insurance Company are collectively referred to as "Humana."

[10] M&T Bank, M&T Bank Corporation, M&T Bank NA, M&T Corporation, M&T Securities Inc., Manufacturers and Traders Trust Company, and Wilmington Trust Corporation are collectively referred to as "M&T."

[11] Regions Bank NA, Regions Investment Corporation, Regions Investment Services Inc., and Regions Financial Corporation are collectively referred to as "Regions."

[12] TCF National Bank, TCF Agency Inc., TCF Agency Insurance Services, Inc. and TCF Financial Corporation are collectively referred to as "TCF."

**(1)**     **A factual and legal description of the case which also sets forth the elements of each cause of action and each defense.**

**Plaintiff's Contentions:**

Plaintiff Phoenix Licensing, LLC owns inventions comprising the following marketing technology (i.e., the "patented marketing technology"):

(a) Computerized apparatuses, methods, or systems that implement decision criteria, product information, and client information to automatically select and present products appropriate for the client via client communications (for example, a direct mail communication incorporating variable information) as described and claimed in United States Patent Number 5,987,434 entitled "Apparatus and Method for Transacting Marketing and Sales of Financial Products" (the "'434 patent");

(b) Apparatuses, methods, or systems that automatically prepare customized replies to responses, generated from marketing communications delivered to clients for products or services, such as financial products or services, as described and claimed in United States Patent Number 6,999,938 entitled "Automated Reply Generation Direct Marketing System" (the "'938 patent"); and

(c) Apparatuses, methods, or systems that automatically generate personalized communication documents for financial products or services, where the communications include personalized content that present alternative descriptions, characteristics and/or identifications associated with the financial product or service, as described and claimed in United States Patent Number 7,890,366 entitled "Personalized Communication Documents, System and Method for Preparing Same" (the "'366 patent") (The '434, '938, and '366, patents are collectively referred to as the "patents-in-suit.")

Pursuant to an exclusive license agreement, Plaintiff LPL Licensing LLC (hereinafter, Plaintiffs are referred to collectively as "Plaintiffs" or "LPL), is the exclusive licensee of the Patents.  Plaintiffs contend that Defendants' marketing technology infringes the patents-in-suit.

Plaintiffs will provide infringement contentions to Defendants pursuant to the Court's schedule and accordance with Patent Rule 3-1.

Plaintiffs contend that determining direct patent infringement requires determining whether someone (1) without authority (2) makes, uses, offers to sell, sells, or imports (3) the patented invention (4) within the United States, its territories, or its possessions (5) during the term of the patent.  Infringement exists if any one of the patent's claims covers the alleged infringer's product or process.  For infringement to exist, all of the claim's elements must be found, either literally or equivalently, in the accused product or process.

Plaintiffs contend that determining induced infringement requires determining, in general, whether someone has actively aided and abetted another's direct infringement with knowledge (which may be satisfied by willful blindness) that the induced acts constitute patent infringement.

Plaintiffs contend that determining contributory infringement requires determining, in general, whether someone has supplied of a component of a patented machine, manufacture, or material that can be used in a patented process; with knowledge that it may be used to infringe a patent; and that the component is not simply a staple product with substantial non-infringing uses.

Plaintiffs contend that Defendants have been willfully infringing the patents-in-suit patent since each received notice of same.  To prove willful infringement, a patent owner must prove by clear and convincing evidence that the infringer acted despite an objectively high likelihood that its actions constituted infringement of a valid patent, and that this objectively-defined risk was either known or should have been known to the accused infringer.

Plaintiffs contend they have been damaged as a result of Defendants' infringing conduct. Defendants are, therefore, liable to Plaintiffs in an amount that adequately compensates Plaintiffs for Defendants' infringement, which, by law, cannot be less than a reasonable royalty. A reasonable royalty determination may be based on a hypothetical royalty based on a supposed arm's length negotiation taking place at the time the infringement began between a willing

licensor and a willing licensee who had knowledge that the patent would be sustained as valid and infringed, if litigated.

Plaintiffs contend that Defendants will continue their infringement of the patents-in-suit unless enjoined by the Court. Defendants' infringing conduct causes Plaintiff irreparable harm and will continue to cause such harm without the issuance of such an injunction.

**Defendants' Contentions:**

Defendants deny infringing the patents-in-suit and further contend that the patents-in-suit are invalid.  Defendants contend that they do not directly, indirectly, or willfully infringe any asserted patent claim.  Further, Defendants have each asserted various other defenses including non-infringement, invalidity, equitable defenses, time limitation on requested damages, intervening rights, and no injunctive relief.  Given the actual case and controversy between Plaintiffs and Defendants, certain defendants have also asserted counterclaims claims for declaratory judgment of non-infringement and invalidity of the patents-in-suit.  Certain defendants have also filed motions to dismiss under Fed. R. Civ. P. 12(b)(6) and Fed. R. Civ. P. 12(b)(2).  Additionally, the TCF Defendants contend that they are not amenable to personal jurisdiction in this venue, and have filed a motion to dismiss for lack of personal jurisdiction under Fed. R. Civ. P 12(b)(2).

Defendants contend that while the Plaintiffs have stated certain elements for causes of action for various claims, these are not required under Fed. R. Civ. P. 26(f).  By not responding to each of the Plaintiffs contentions, Defendants do not admit that Plaintiffs have stated the elements of each cause of action correctly.

Defendants also note that discovery is ongoing, and reserve the right to make allegations regarding inequitable conduct, or any other defense, if information arises that would support such claims or defenses.

**(2)** **The date the Rule 26(f) conference was held, the names of those persons who were in attendance, and the parties they represent.**

The initial Rule 26(f) conference was held on March 19, 2012, and there were multiple follow-up communications thereafter.   Persons in attendance for the initial Rule 26(f) conference, and the parties they represent, are as follows:

| | |
|---|---|
| Plaintiff – LPL | Charles van Cleef of Cooper & Van Cleef, PLLC<br>John Edmonds, Andrew Tower and Johnathan Yazdani of Collins, Edmonds & Pogorzelski, PLLC |
| Alliance | Kellie Johnson<br>AKIN GUMP STRAUSS HAUER & FELD LLP |
| CNO | Brie Buchanan<br>Nathan Johnson<br>BRADLEY ARANT BOULT CUMMINGS |
| Credit One | Robert Needham<br>SNR Denton US, LLP |
| CUNA | Chad B. Walker<br>FISH & RICHARDSON P.C. |
| Farmers | David D. Bahler<br>FULBRIGHT & JAWORSKI L.L.P |
| First National | James M. Sulentic<br>KUTAK ROCK LLP |
| GE | Brian Roche<br>Raven Moore<br>REED SMITH LLP<br>T. John Ward, Jr.<br>WARD & SMITH LLP |
| First Premier | Christopher C. Davis<br>Wesley Hill<br>MERCHANT & GOULD P.C. |
| First Tennessee | Craig Leavell<br>Melissa Smith<br>KIRKLAND & ELLIS LLP |
| Humana | Jeffrey S. Standley<br>F. Michael Speed, Jr.<br>James L. Kwak<br>STANDLEY LAW GROUP LLP<br>Deron R. Dacus<br>RAMEY & FLOCK, P.C. |
| M&T | E. Danielle T. Williams<br>KILPATRICK TOWNSEND<br> & STOCKTON LLP |
| Regions | Paul A. Gennari |

| | Gretchen P. Miller<br>STEPTOE & JOHNSON LLP |
|---|---|
| TCF | Jonathan R. Spivey<br>BRACEWELL & GIULIANI LLP |

**(3)**  **A list of any cases that are related to this case and that are pending in any state or federal court with the respective case number and court.**

Pending cases related to this are the following: *Phoenix Licensing, L.L.C. et al v. ING Bank FSB et al.*; No. 2:10-cv-064-JRG (USDC EDTX); *Phoenix Licensing, L.L.C. et al v. Aegon USA, Inc. et al.*; No. 2:10-cv-212-JRG (USDC EDTX);  *Phoenix Licensing, L.L.C. et al v. Aetna Inc., et al.*; 2:11-cv-285-JRG (USDC EDTX) and *Liberty Mutual Personal Ins. Co. v. Phoenix Licensing, LLC, et al.*; No. 1:11-cv-01507-JDB (USDC DC).

**(4)**  **The expected length of trial.**

Depending upon the number of Defendants who are in the case at time of trial, Plaintiff expects the trial to last seven to ten court days.

Depending upon the number of Defendants who are in the case at time of trial and the number of claims at issue at the time of trial, Defendants expect the trial to last fifteen court days.

**(5)**  **Whether the parties jointly agree to trial before a magistrate judge.**

The parties have not jointly agreed to trial before a magistrate judge.

**(6)**  **Whether a jury demand has been made.**

A jury demand has been made.

**(7)**  **Proposed modification of the deadlines in the Proposed Docket Control Order set forth by the Court.**

Plaintiff's position:

Plaintiffs propose the deadlines set forth in the proposed Docket Control Order attached hereto as Exhibit A.  Plaintiff's suggested pre-*Markman* deadlines track those of the related *Aegon* case which is pending before Judge Gilstrap (along with the related *ING* and *Aetna* cases

noted above).[13]   The proposed schedules submitted by Plaintiffs and Defendants both suggest a *Markman* hearing on the same day as the *Markman* hearing for the *Aegon* case.[14]   Plaintiff's suggested post-*Markman* deadlines also track, but in general slightly precede, those of the *Aegon* case, because the Court's model Docket Control Order has this case set for trial a month earlier than the *Aegon* case.  The two primary areas of disagreement between Plaintiffs and Defendants, as reflected on their competing Docket Control Orders, appear to be Defendants' desire to postpone the trial of this case until some indeterminate date after the trial of the *Aegon* case, and whether Plaintiffs should be required to arbitrarily limit the number of asserted claims at various junctures in the case, culminating at 10 claims total at trial for the three patents-in-suit combined. Although limits on asserted claims have been imposed by Judge Folsom in the past, that is not the prevailing practice in this District (or nationwide), and Plaintiffs respectfully submit that such limits are inappropriate, premature, and they would be unfairly prejudicial to Plaintiffs, including since there has yet been no discovery with respect infringement or prior art. *See, e.g., Realtime Data, LLC d/b/a IXO, v. Metropcs Texas, LLC et al.,* No. 6-10-cv-00493-LED-JDL (E.D.Tex. Dec. 13, 2011) ("At this stage in the litigation, it is inappropriate to micro-manage the number of asserted claims, particularly prior to the Markman proceeding. After the claim construction hearing, the Court will consider a future deadline by which [plaintiff] shall reduce the number of asserted claims to a manageable number as the litigation proceeds toward the dispositive motion stage.").   In addition, it should be noted that Judge Gilstrap has not imposed any limits on asserted claims in the related *Aegon* case, nor is it expected he will impose such limits on the

---

[13] The Docket Control Order from the *Aegon* case is at Exhibit C hereto.
[14] This case and its related cases – *Aegon, ING* and *Aetna* -- were initiallyassigned to Judge Ward.  However, due to various recusals and reassignments – *see* Dkt Nos. 37, 206 and 215, and undocketed order of January 4, 2012 – this case has been assigned to this Court while its three related cases involving overlapping patents are pending before Judge Gilstrap.  Plaintiff's certainly defer to the courts on what is best with respect to case assignments, but the interests of justice, including judicial economy and the avoidance of inconsistent results, likely mitigate in favor of all these related cases being in the same court, especially with respect to *Markman* proceedings.

other related cases involving overlapping patents which are pending in that court.   Thus, arbitrarily limiting the number of asserted claims in this case may lead to problems in the future due to a lack of coordination between related cases.   In particular, there is no reason to set the trial of this case behind the trial of the *Aegon* case if the trial of this case would arbitrarily be limited to ten asserted claims as Defendants' suggest.   Like the *Realtime Data* case noted above, once the claims have been construed, if the number of claims is still an issue, then the Court should consider, at that point, whether to require Plaintiffs to reduce the number of claims as the case proceeds towards the dispositive motion stage.   At that point, the discovery process and *Markman* process should help the parties better focus on which claims are most appropriate to take to trial based upon the facts and issues in dispute.

Defendants' position:

Defendants propose the deadlines set forth in the proposed Docket Control Order attached hereto as Exhibit B which is consistent with this Court's Example Scheduling Order (ECF No. 216, pages 7-13 of 14), the Patent Local Rules, and the Federal Rules of Civil Procedure.   In order to prevent duplication of efforts and the potential for inconsistent claim construction within the district, Defendants propose that this case track the *Aegon* case presently pending before Judge Gilstrap which relates to the same patents.    Defendants' proposed Docket Control Order, unlike Plaintiff's, sets forth dates by which Plaintiff must limit the number of claims prior to the claim construction hearing that is consistent with past procedure and precedent of this jurisdiction.   The three patents asserted against the multiple defendants contain over 500 claims.   The proposed procedure would allow the Plaintiffs to pick an adequate number of representative claims while making the case efficient and manageable.

The Court may limit the number of Plaintiff's claims prior to claim construction. *In re Katz Interactive Call Processing Patent Litig.*, 639 F.3d 1303, 1311-1312 (Fed. Cir. 2011). Further, courts in the Eastern District of Texas have required plaintiffs to "limit the number of asserted claims in cases for patent infringement when the number of claims is so large as to make the case inefficient and unmanageable." *Realtime Data, LLC v. Packeteer*, No. 6:08-CV-144 (E.D. Tex. March 16, 2009) (citing *Negotiated Data Solutions, LLC v. Dell, Inc.*, No. 2:06-CV-528 (E.D. Tex. July 31, 2008) (Everingham, J.) (ordering plaintiff to limit asserted claims to 40 on or before the due date for its opening *Markman* brief); *Hearing Components, Inc. v. Shure, Inc.*,, No. 9:07-CV-104, 2008 WL 2485426, at *1 (E.D. Tex. June 13, 2008) (Folsom, J.) (ordering parties to elect no more than ten claim terms for construction and further ordering plaintiff to select no more than three representative claims from each asserted patent for claim construction and trial); *Joao Bock Transactions Systems of Texas, LLC v. AT&T, Inc.*, No. 6:09-CV-208 (E.D. Tex. Mar. 29, 2010) ("The Court strongly cautions [Plaintiff] to narrow its case. Based on the Court's experience, a patent case involving the current number of claims (424) and Defendants is unmanageable." suggesting that asserting very many claims, even at the pleading stage is inefficient.); *SynQor, Inc. v. Artesyn Technologies, Inc. et al.*, No. 2:07-CV-00497 (E.D. Tex. March 25, 2010) (Everingham, M.J.) (reducing claims from 183 to 50 pre-*Markman*); *Round Rock Research, LLC v. Dell*, No. 4:11-CV-332 (E.D. Tex. March 26, 2012) (ordering plaintiff to limit asserted claims to a total of 40 across ten patents prior to claim construction). Judge Gilstrap has not ordered limitations on claims in the *Aegon* case because the defendants in that case have not yet asked the court to limit the number of claims.

**(8)** **The need for and modification of the proposed specific limits on discovery relating to claim construction, including depositions of witnesses, including expert witnesses.**

The parties do not presently see the need for special provisions for discovery relating to claim construction.  If a party anticipates the need for expert testimony in connection with claim construction, it will timely notify the other parties, and they will try to agree upon a process for such discovery.

**(9)** **The entry of a Protective Order.**

The parties are communicating about an agreed protective order, and if they cannot agree, they will seek resolution by the Court.

**(10)** **The appointment of a Technical Advisor or Special Master.**

The parties do not object to the appointment of a technical advisor but do not anticipate that one will be necessary during the claim construction phase of this case.  The parties reserve the right to seek appointment of a technical advisor depending on the nature of each others' allegations.

**(11)** **The number of claims being asserted.**

Although not all asserted claims are asserted against every Defendant, Plaintiff presently intends to assert 20 claims of the '434 patent, 55 claims of the '938 patent and 15 claims of the 366 patent.

Defendants object to Plaintiff's assertion of 110 claims in this case.  Defendants request that Plaintiff be required to limit its asserted claims to no more than 10 claims per defendant group.

**(12)** **The possibility of early mediation.**

Plaintiffs contend early mediation would be beneficial.

Defendants contend that early mediation would be beneficial.

The parties have selected both a mediation date and a date on which to identify the mediator.  Those dates are listed in the proposed Docket Control Order.

**(13)** **Local Rules pertaining to attorney misconduct.**

10

Counsel for the parties are familiar with the Local Rules pertaining to attorney misconduct, including Local Civil Rules AT-2 and AT-3.

**(14)    Discovery.**

The parties jointly propose the provisions set forth in the proposed Discovery Order attached hereto as Exhibit D.

April 6, 2012                                             Respectfully submitted,

/s/ Fred I. Williams                             /s/ John J. Edmonds
Fred I. Williams, (Lead Attorney)     John J. Edmonds - LEAD COUNSEL
State Bar No. 00794855                      Texas Bar No. 789758
fwilliams@akingump.com                  Andrew P. Tower
AKIN GUMP STRAUSS               Texas Bar No. 786291
 HAUER & FELD LLP                      Stephen F. Schlather
300 West 6th Street, Suite 1900          Texas Bar No. 24007993
Austin, Texas  78701                        Johnathan Yazdani
Telephone: 512.499.6200                    Texas Bar No. 24079616
Facsimile:  512.499.6290                    COLLINS,    EDMONDS   POGORZELSKI,
                                                      SCHLATHER & TOWER, PLLC
Todd E. Landis                                1616 S. Voss Rd., Suite 125
State Bar No. 24030226                      Houston, Texas 77057
tlandis@akingump.com                      Telephone: (713) 501-3425
Eric J. Klein                                     Facsimile: (832) 415-2535
State Bar No. 24041258                      jedmonds@cepiplaw.com
eklein@akingump.com                      atower@cepiplaw.com
Kellie M. Johnson                           sschlather@cepiplaw.com
State Bar No. 24070003                      jyazdani@cepiplaw.com
kmjohnson@akingump.com
AKIN GUMP STRAUSS              Charles van Cleef
HAUER & FELD LLP                     COOPER & VAN CLEEF, PLLC
1700 Pacific Avenue, Suite 4100         500 N Second St.
Dallas, Texas 75201                         Longview, TX 75601
Telephone:  214-969-2800                  (903) 248-8244
Facsimile:  214-969-4343                   (903) 248-8249 fax
                                                      charles@coopervancleef.com

Attorneys for Defendants Alliance Data     ATTORNEYS FOR PLAINTIFFS
Systems Corporation, ADS Alliance Data   PHOENIX LICENSING, L.L.C. and
Systems, Inc., World Financial Capital Bank,  LPL LICENSING, L.L.C.
World Financial Capital Credit Company,
LLC, WFN Credit Company, LLC, and World
Financial Network Bank

s/Nathan W. Johnson
Paul P. Bolus (Texas Bar No. 24042856)
pbolus@babc.com
Nathan W. Johnson (pro hac vice)
njohnson@babc.com
Brie L.B. Buchanan (pro hac vice)
bbuchanan@babc.com
BRADLEY ARANT BOULT CUMMINGS
1819 Fifth Avenue North
Birmingham, Alabama 35203
Telephone: (205) 521-8000
Facsimile: (205) 488-6369

Attorneys for Defendants CNO Financial
Group, Inc. and Colonial Penn Life Insurance
Company


By: /s/ Mark C. Nelson
Mark C. Nelson
Lead Attorney
Texas Bar No. 00794361
mark.nelson@snrdenton.com
Steven M. Geiszler
Texas Bar No. 24032227
steven.geiszler@snrdenton.com
SNR Denton US, LLP
2000 McKinney Avenue, Suite 1900
Dallas, Texas  75201-1858
Telephone:  (214) 259-0900
Facsimile:   (214) 259-0910

Attorneys for Defendants
Credit One Bank, N.A., Credit One Financial,
and Sherman Financial Group LLC


/s/ Neil J. McNabnay
Thomas M. Melsheimer
melsheimer@fr.com
Texas Bar No. 13922550
Neil J. McNabnay
njm@fr.com
Texas Bar No. 24002583
Chad B. Walker

 /s/  Jeffrey S. Standley
Jeffrey S. Standley      Admitted Pro Hac Vice
F. Michael Speed, Jr.   Admitted Pro Hac Vice
James L. Kwak           Admitted Pro Hac Vice
Nita L. Hanson          Admitted Pro Hac Vice
STANDLEY LAW GROUP LLP
6300 Riverside Drive
Dublin, Ohio  43017
Tel:  (614) 792-5555
Fax:  (615) 792-5536
litigation@standleyllp.com

Deron R. Dacus
THE DACUS FIRM, P.C.
821 ESE Loop 323, Suite 430
Tyler, TX  75701
Tel:  (903) 705-1117
Fax: (903) 705-1117
ddacus@dacusfirm.com

Attorneys for Defendants Humana Inc.,
Humana Health Plan Inc., Humana Insurance
Company,   and   Humana   Dental   Insurance
Company


/s/ E. Danielle T. Williams
E. Danielle T. Williams
KILPATRICK TOWNSEND
 & STOCKTON LLP
1001 West 4th Street
Winston-Salem, NC  27101
Telephone: (336) 607-7300
Fax:  (336) 607-7500
dtwilliams@kilpatricktownsend.com

William H. Boice
Michael J. Turton
(TX Bar No. 000794761)
KILPATRICK TOWNSEND
& STOCKTON LLP
Suite 2800
1100 Peachtree Street
Atlanta, GA 30309-4530
Telephone: (404) 815-6500
Fax: (404) 815-6555

cbwalker@fr.com
Texas Bar No. 24056484
FISH & RICHARDSON P.C.
1717 Main Street, Suite 5000
Dallas, TX  75201
(214) 747-5070 (Telephone)
(214) 747-2091 (Facsimile)

Attorneys for Defendants
CUNA Mutual Insurance Agency, Inc.,
CUNA Mutual Insurance Society, and
Members Life Insurance Co.


By:____/s/ Sarah R. Holland_____
David D. Bahler – Lead Attorney
  Texas State Bar No. 01513100
Sarah R. Holland
  State Bar No. 24055679
Eagle H. Robinson
  State Bar No. 24065984
FULBRIGHT & JAWORSKI L.L.P.
98 San Jacinto Boulevard, Suite 1100
Austin, TX 78701
Tel.: (512) 536-3083
Fax: (512) 536-4598
dbahler@fulbright.com
sholland@fulbright.com
erobinson@fulbright.com


Attorneys for Defendants Farmers Group, Inc.,
Farmers Insurance Company, Inc., Farmers
New World Life Insurance Company, 21ST
Century Insurance and Financial Services, Inc.,
21ST Century Insurance Company, 21ST
Century Insurance Company of the Southwest,
21ST Century National Insurance Company,
and 21ST Century North America Insurance
Company

By_____s/ James M. Sulentic_____
John P. Passarelli (admitted pro hac vice)
James M. Sulentic (admitted pro hac vice)
Jason S. Jackson
Kutak Rock LLP
The Omaha Building

bboice@kilpatricktownsend.com
mturton@kilpatricktownsend.com

Michael Jones
Allen Gardner
POTTER MINTON
110 North College, Suite 500
Tyler, TX  75702
Telephone:  (903)597-8311
Fax:  (903) 593-0846
mikejones@potterminton.com
allengardner@potterminton.com


Attorneys for Defendants M&T Bank Corp.,
M&T Bank, Wilmington Trust, N.A.,
Manufacturers and Traders Trust Company,
M&T Securities, Inc., and Wilmington Trust
Corporation


/s/  Paul Gennari w/permission from M. Jones
Michael E. Jones
SBN: 10929400
Allen F. Gardner
SBN: 24043679
POTTER MINTON PC
110 N College
Suite 500
Tyler, TX 75702
Telephone: 903-597-8311
Fax: 903-593-0846
mikejones@potterminton.com
allengardner@potterminton.com

STEPTOE & JOHNSON LLP
John M. Caracappa
Paul A. Gennari
Gretchen P. Miller
1330 Connecticut Ave. N.W.
Washington, DC 20036-1564
Telephone: 202-429-6267
Fax: 202-429-3902
jcaracappa@steptoe.com
pgennari@steptoe.com
gmiller@steptoe.com

1650 Farnam Street
Omaha, NE  68102-2186

Gregory P. Love
Stevens Love Hill & Holt PLLC
222 N. Fredonia Street
Longview, TX  75601

Attorneys for Defendants
First National Bank of Omaha, First National
of Nebraska, Inc. and First National Credit
Card Center, Inc.

/s/  Christopher C. Davis
Daniel W. McDonald
William D. Schultz
Christopher C. Davis
MERCHANT & GOULD P.C.
Suite 3200
80 South Eighth Street
Minneapolis, MN 55402
Telephone: (612) 332-5300
Facsimile: (612) 332-3081
dmcdonald@merchantgould.com
wschultz@merchantgould.com
cdavis@merchantgould.com

Attorneys for Defendants
United National Corporation, First Premier
Bank and Premier Bankcard, LLC.

/s/  Melissa R. Smith
Melissa Richards Smith
Texas State Bar No. 24001351
GILLAM & SMITH, L.L.P.
303 South Washington Avenue
Marshall, Texas 75670
Telephone: (903) 934-8450
Facsimile: (903) 934-9257
E-mail: melissa@gillamsmithlaw.com

Brian D. Sieve, P.C. (pro hac vice pending)
Email: brian.sieve@kirkland.com
Craig D. Leavell (pro hac vice pending)

Attorneys for Defendants Regions Financial
Corp., Regions Bank, Regions

/s/ Jonathan R. Spivey
Jonathan R. Spivey
TX Bar No. 24002989
Bracewell & Giuliani LLP
711 Louisiana Street, Suite 2300
Houston, Texas 77002-2770
Phone: 713-221-1227
Fax: 713-221-1212
Email: Jonathan.Spivey@bgllp.com

Attorney for Defendants
TCF Financial Corporation, TCF National
Bank; TCF Agency, Inc.;
TCF Agency Insurance Services, Inc.

By: /s/ Brian Roche
Brian Roche
David Pollock
Raven Moore
REED SMITH LLP
10 South Wacker Drive
40th Floor
Chicago, IL 60606-7507
Telephone: 312.207.1000
broche@reedsmith.com
dpollock@reedsmith.com

T. John Ward, Jr.
State Bar No. 00794818
E-mail: jw@wsfirm.com
Ward & Smith Law Firm
111 W. Tyler St.
Longview, Texas 75601
(903)757-6400 - Office
(903)757-2323 - Fax

Attorneys for Named Defendants
GE Capital Financial, Inc., GE Consumer
Finance, Inc., GE Money Bank F.S.B., General
Electric Capital Corporation, General Electric
Company  and  General  Electric  Capital
Services, Inc.

Email: craig.leavell@kirkland.com
Serena J. Pruitt (pro hac vice pending)
Email: serena.pruitt@kirkland.com
Rachel Farrington (pro hac vice pending)
Email: rachel.farrington@kirkland.com
KIRKLAND & ELLIS LLP
300 North LaSalle Street
Chicago, IL 60654
Telephone: (312) 862-2000
Fax: (312) 862-2200

Attorneys for Defendant First Tennessee Bank
National Association

## CERTIFICATE OF CONFERENCE

I certify that this is a joint filing approved by counsel for all parties.

April 7, 2012                                    /s/ John J. Edmonds
                                                 John J. Edmonds

## CERTIFICATE OF SERVICE

I hereby certify that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3).

April 7, 2012                                    /s/ John J. Edmonds
                                                 John J. Edmonds